# United States Court of Federal Claims

| | |
|---|---|
| ASHLEY BLACK,<br><br>                Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>                Defendant. | No. 25-cv-1296<br>No. 25-cv-1295<br>No. 25-cv-1299<br>No. 25-cv-1301<br>(Filed: August 18, 2025) |

## **ORDER OF DISMISSAL**

On August 8, 2025, Plaintiff Ashley Black ("Ms. Black"), proceeding pro se, filed four complaints[1] generally alleging institutional bias, conflicts of interest, and obstruction of justice related to Ms. Black's cases in the Northern District of Illinois[2] and the Court of Federal Claims.[3] Ms. Black also filed seventeen additional non-responsive defective documents between August 7, 2025 and August 18, 2025. For the reasons stated below, the Court lacks jurisdiction over Ms. Black's claims. Accordingly, the Court must **DISMISS** Ms. Black's Complaint.

### I.    Ms. Black May Proceed *in forma pauperis*

On August 8, 2025, Ms. Black filed a Motion for Leave to Proceed *in forma pauperis* ("Mot."), ECF No. 5. Previously, Ms. Black was granted *in forma pauperis* status in the Court of Federal Claims, *Black I*, Order, ECF No. 5, and in the Northern District of Illinois. *See Black v. BPM LLP, et al.*, No. 25-cv-01112, Motion for Leave to Proceed *in forma pauperis*, ECF No. 8.

Ms. Black represents that she is currently unemployed and has very few assets. *See* Mot. A pro se plaintiff's burden of demonstrating an inability to pay under 28 U.S.C. § 1915(a)(1) is not heavy. Being "unable to pay such fees," as contemplated by the statute, "means that paying

---

[1] *See Black v. United States*, 25-cv-1295 ("*Black II*"), *Black v. United States*, 25-cv-1296 ("*Black III*"), *Black v. United States*, 25-cv-1999 ("*Black IV*"), and *Black v. United States*, 25-cv-1301 ("*Black V*"). Ms. Black's cases are consolidated under the lead case *Black III*. *See* Order, ECF No. 8.

[2] *See Black v. BPM LLP, et al.*, No. 25-cv-01112 (N.D. Ill.).

[3] *See Black v. United States*, 25-cv-0827 ("*Black I*").

[the filing] fees would constitute a serious hardship on the plaintiff." *Fiebelkorn v. United States*, 77 Fed. Cl. 59, 62 (2007). Ms. Black's assertions easily clear that threshold. Accordingly, the Court **GRANTS** Ms. Black's request to proceed *in forma pauperis* in this matter.

## II.     The Court Lacks Subject-Matter Jurisdiction

Ms. Black's claims arise from litigation in this Court and the Northern District of Illinois. First, Ms. Black alleges, without specifying a court, that "[f]ederal court employees and contractors unlawfully accessed Plaintiff's private electronic files and case materials . . . breaching confidentiality agreements and court orders." *Black II*, Compl. at 2, ECF No. 1. Next, Ms. Black contends that the Northern District of Illinois judicial employees exhibited "institutional bias" by rejecting and "suppressing" certain filings and "valid claims." *Black III*, Compl. at 2, ECF No. 1. Third, she claims this Court permitted "a serious breach of ethical and legal obligations" by allowing Patricia McCarthy ("Ms. McCarthy"), a Director of the Commercial Litigation Branch of the United States Department of Justice, to participate in the litigation of her case. *Black IV*, Compl. at 2, ECF No. 1. Finally, Ms. Black claims she was denied "equal access to the courts, due process, and a fair opportunity to have claims adjudicated," because of the involvement of "Judge Patricia McCarthy[4]" which "nullifies the dismissal[5]" of *Black I*. *Black V*, 25-cv-1301, Compl. at 2, ECF No. 1.

Pro se plaintiffs, such as Ms. Black, are held to a less stringent standard than plaintiffs with attorney representation; however, Ms. Black still bears the burden of establishing the Court's jurisdiction. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met." (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004))); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Rules of the United States Court of Federal Claims ("RCFC") 12(h)(3); *see* RCFC 12(b)(1); *see also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the [C]ourt *sua sponte*.") (citing *Fanning, Philips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

The Court derives its power primarily from the Tucker Act, which provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

---

[4] Ms. McCarthy is not a judge and cannot dismiss any case in the Court of Federal Claims.

[5] Ms. Black cannot claim unfair dismissal of *Black I* as the case has not been dismissed.

28 U.S.C. § 1491(a)(1).  The Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages."  *United States v. Testan*, 424 U.S. 392, 398 (1976).  Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained."  *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006).  This is commonly referred to as a "money-mandating" statute.  *Id.*

The Court lacks jurisdiction over Ms. Black's claims because there is no applicable money-mandating statute on which she can base her claims.  Ms. Black appears to base her claims of obstruction of justice on 18 U.S.C § 1505, which is a federal criminal law that can be used to prosecute individuals who have obstructed the "proper administration of the law" during "any pending proceeding . . . before any department or agency of the United States" or investigation held by any committee of Congress.  This Court's jurisdiction extends only to civil cases.  *Thompson v. United States*, 99 Fed. Cl. 21 (2011) ("The United States Court of Federal Claims does not possess jurisdiction over criminal cases.") (referencing *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994) (noting the "specific civil jurisdiction" of the United States Court of Federal Claims)).  Further, the Tucker Act does not provide jurisdiction for claims based on the Due Process clause of the Fifth Amendment as it does "not mandate payment of money by the government."  *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995).  Ms. Black has not identified a statute that gives her a "substantive right enforceable against the United States for money damages" for any alleged obstruction of her access to the courts, or the other alleged wrongs she claims to have suffered.  *Testan*, 424 U.S. at 398.

Therefore, the Court must dismiss the Complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).

## CONCLUSION

For the reasons set forth above, the Court does not have subject-matter jurisdiction over Plaintiff's claims, and they are subject to dismissal pursuant to RCFC 12(b)(1).  Accordingly, the Court hereby **DISMISSES** the consolidated cases: *Black II*, 25-cv-1295, *Black III*, 25-cv-1296, *Black IV*, 25-cv-1999, and *Black V*, 25-cv-1301.  The Court **GRANTS** Ms. Black's Motion for Leave to Proceed *in forma pauperis*, ECF No. 5.  Ms. Black's seventeen defective filings in this case are **REJECTED**.  The Clerk shall enter **JUDGMENT** accordingly.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge